**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YING LI,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　Respondent. | No. 13-74178<br><br>Agency No. A079-630-003<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2016[**]
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and SETTLE,[***] District Judge.

Ying Li petitions for review of an order of the Board of Immigration

Appeals ("BIA"). Li claims that she fled to the United States from China because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

1

Chinese family-planning officials forced her to have an abortion and threatened to have her sterilized if she did not have an intrauterine device inserted. Li conceded that she is removable because she came to the United States without a visa or other valid entry documents. She requested asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The immigration judge ("IJ") found Li not credible, denied her relief, and ordered her removed to China. The BIA dismissed Li's appeal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny Li's petition for review.

1. Substantial evidence supports the IJ's adverse credibility finding. Li gave clearly conflicting and evasive testimony about Shan Bin Li's presence in the United States, and Shan Bin Li—the putative father and, later, Li's husband—was the only witness to many of the events that are central to Li's asylum claim. Moreover, Li did not call Shan Bin Li as a corroborating witness or proffer corroborating medical records even though she easily could have. *See Singh v. Holder*, 638 F.3d 1264, 1271–73 (9th Cir. 2011); *Singh v. Gonzales*, 491 F.3d 1019, 1023–27 (9th Cir. 2007); *Sidhu v. INS*, 220 F.3d 1085, 1090–92 (9th Cir. 2000).

2. The evidence in the record other than Li's discredited testimony does not "support a finding that 'any reasonable adjudicator would be compelled to

conclude'" that Li is eligible for asylum. *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because Li's claim for withholding of removal is based on the same facts as her asylum claim, it too fails. *See id.* at 1338 n.3.

3. Li failed to exhaust her claim for relief under the CAT by not presenting that claim in her brief to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**